**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Cr. No. C-03-8 | |
| § | | |
| MELVA ZARATE, § | | |
| Defendant. § | | |

**ORDER**

Pending before the Court is Defendant Melva Zarate's letter motion asking for information regarding her case. In it, she explains that her court-appointed counsel led her to believe that he had filed her appeal and a motion pursuant to 28 U.S.C. § 2255 on her behalf. She claims that she thought she was waiting for a decision on her case, but she recently discovered that her appeal was dismissed and no § 2255 motion was ever filed. She thus claims that she has been deprived of her right to appeal and to file a § 2255 motion. She requests that the Court open her case and allow her to pursue a correction to her sentence "either by allowing the appeal to be heard or allowing the filing of a proper 2255." (D.E. 28 at 2.) The Clerk has docketed the motion as a motion to re-open case. Zarate pleaded guilty pursuant to a written plea agreement and was sentenced on May 29, 2003. (D.E. 15.) Final judgment was entered against her on June 6, 2003. (D.E. 16.) She filed a pro se notice of appeal on June 9, 2003. (D.E. 17.) On the same date, attorney Jose Luis Ramos filed a separate notice of appeal on her behalf, which included payment of the filing fee. (D.E. 18.)

Her appeal was initially dismissed by the Fifth Circuit for failure to pay the docketing fee, order the transcript and make financial arrangements with the Court reporter. (D.E. 20.) The Fifth Circuit later acknowledged receipt of the transcript order form and filing fee, however, and issued a

briefing order. (See generally docket sheet in United States v. Zarate, No. 03-40839 (5th Cir.)). After Zarate filed an unopposed motion to abate the appeal and to correct the record, the Fifth Circuit granted the motion to abate and remanded the case to the district court so that the record could be corrected. Prior to this Court taking any action on the matter, however, the Fifth Circuit vacated its order remanding the action and substituted a new order, in which it denied the motion to correct the record and set a new briefing schedule. (D.E. 25.)

The new briefing schedule required Zarate's brief to be filed by May 17, 2004. On that date, Zarate's appellate counsel, Ramos, verbally requested an extension of time from the Fifth Circuit Clerk. He subsequently followed up with a letter in which he explains:

> The reason for the extension being that I am a solo practitioner working on a Title 28 Section 2255 in this same case and compiling research material on this appeal. It appears that the appeal may be frivilous [sic] but that must be discussed with the appellant before the appropriate action can be taken.

(May 17, 2004 letter from Ramos, docketed as a "confirmation letter" in United States v. Zarate, No. 03-40839 (5th Cir.)). After receiving his extension, however, Ramos never filed a brief on Zarate's behalf. Accordingly, the appeal was dismissed on June 15, 2004. (D.E. 26.) Additionally, Ramos never filed anything else on Zarate's behalf with either the Fifth Circuit or this Court.

According to her, Zarate has only recently learned that her appeal was dismissed and that no § 2255 motion was ever filed on her behalf. She seeks leave to proceed with an out-of-time appeal or to file a § 2255 motion.[1]

Zarate's claim is one that would typically be asserted in a § 2255 motion, i.e., that her counsel failed to pursue her appeal or abandoned her on appeal. Zarate's motion does not state that she

---

[1] The Court reaches no conclusions herein as to whether any § 2255 motion filed by Zarate would be timely or whether she would be entitled to tolling.

intended it to be a motion seeking relief pursuant to § 2255, however. Instead, she asks for permission to either pursue her appeal or file a § 2255 motion in the future.[2] Particularly in light of the Supreme Court's recent decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe her motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). The Clerk is directed, however, to send the appropriate forms to Zarate for filing such a motion.

Pursuant to the directives of Castro, Zarate is advised that if she files a § 2255 motion asserting a claim of ineffective assistance of counsel, she may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before she will be permitted to file a second or successive § 2255 motion before the district court, Zarate will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[3] See

---

[2] This Court may not "re-open" her appeal. It can only grant her an out-of-time appeal if she files a § 2255 motion and the Court subsequently finds that she has shown she received ineffective assistance of counsel on appeal.

[3] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

   (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. Orozco-Ramirez, 211 F.3d 862 (5th Cir. 2000) (discussing what constitutes a second or successive claim where a defendant's first § 2255 results in an out-of-time appeal). Thus, any and all claims that Zarate wishes the Court to consider should be asserted in any § 2255 motion she files.

## CONCLUSION

For the foregoing reasons, Zarate's motion to re-open case is DENIED WITHOUT PREJUDICE. Additionally, the Clerk is directed to send blank § 2255 forms to Zarate.

ORDERED this 22nd day of December, 2006.

_____
Janis Graham Jack
United States District Judge