IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,     § | | |
|     Plaintiff,     § | | |
| § | | |
| v.     § | Cr. No. C-03-8 | |
| § | | |
| MELVA ZARATE,     § | | |
|     Defendant.     § | | |

**ORDER DENYING MOTION FOR RECUSAL
AND DENYING MOTION FOR EVIDENTIARY HEARING**

Pending before the Court are Melva Zarate's ("Zarate") motion for recusal (D.E. 31) and motion for appointment of counsel and for an evidentiary hearing (D.E. 32). For the reasons set forth herein, both motions are DENIED.

**I.     BACKGROUND**

Zarate pleaded guilty pursuant to a written plea agreement and was sentenced on May 29, 2003. (D.E. 15.) Final judgment was entered against her on June 6, 2003. (D.E. 16.) She timely appealed. (D.E. 17, 18.) The Fifth Circuit dismissed her appeal on June 15, 2004 for failure to timely file a brief and record excerpts. (D.E. 26.)

On December 4, 2006, Zarate sent two pro se motions to the Court in which she asked that the Court "reopen" her case. In them, she claimed that her court-appointed counsel led her to believe that he had filed her appeal and a motion pursuant to 28 U.S.C. § 2255 on her behalf. She claimed that she thought she was waiting for a decision on her case, but she recently discovered that her appeal was dismissed and no § 2255 motion was ever filed. She thus claimed that she has been deprived of her right to appeal and to file a § 2255 motion. She requested that the Court open her case and allow her to pursue a correction to her sentence "either by allowing the appeal to be heard or allowing the filing of a proper 2255." (D.E. 28 at 2.)

In an order entered December 22, 2006, the Court denied Zarate's motion to reopen her case

without prejudice. The Court advised Zarate, however, that if she wanted to seek a renewed appeal as a remedy for her ineffective assistance of counsel claim, she should file a § 2255 motion. The court explicitly declined to rule on whether or not any § 2255 motion filed by Zarate would be timely and whether she would be entitled to tolling. (D.E. 30 at 2 n.1.)

To date, Zarate has not filed a § 2255 motion. Instead, she filed a motion for recusal and a motion for appointment of counsel and for an evidentiary hearing (D.E. 31, 32), both of which were received by the Clerk on June 7, 2007.

## II.    MOTION FOR RECUSAL

In Zarate's motion for recusal (D.E. 31), she argues that this Court should recuse itself pursuant to 28 U.S.C. §§ 144 and 455 "from this case in all future proceedings." (D.E. 31 at 1, 4.) In support of her claim that recusal is warranted, she points to some of the Court's comments at rearraignment and at sentencing and contends that the comments show the Court has a personal bias or prejudice against her. Zarate's assertion is without merit, and there is no basis for the Court to recuse itself from this case.

As an initial matter, as noted above, there are no active proceedings in this case. Thus, recusal is unnecessary. To the extent that Zarate intends to file a post-conviction motion and seeks the Court's recusal from any decisions on such a motion, her request is unsupported by the law or the facts of this case.

A party may request the recusal of a judge if "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2000); Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir. 2003). Recusal is required where the moving party demonstrates that an objective reasonable person fully informed of the underlying facts "entertain significant doubt that justice would be done absent recusal." United States v. Lauersen, 348 F.3d 329, 334 (2d Cir. 2003).

Notably, the Fifth Circuit has emphasized that the "origin of the judge's alleged bias is of

2

critical importance," explaining that events occurring or opinions expressed in the course of judicial proceedings "rarely require recusal" and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Andrade, 338 F.3d at 455 (internal citations omitted).

The statements by the Court that Zarate alleges show bias were all made in the course of judicial proceedings. First, Zarate points to the Court's comment at rearraignment that Zarate appeared to be smiling throughout the rearraignment and not taking the proceedings seriously. (See D.E. 21, Rearraignment Transcript ("R. Tr.") at 17-18.) Second, Zarate complains that, during sentencing, the Court had the following exchange with Zarate's counsel:

> AUSA PATTERSON: Okay. But what I was getting to was that [Mr. Berg, Zarate's counsel] was saying he wanted her to see a psychiatrist. And I thought that the only thing we were –
>
> THE COURT: Oh, that's right. It was a psychiatrist. That's right.
>
> MR. BERG: Well, I think we're beyond that stage at this point, Your Honor.
>
> THE COURT: So, that didn't work out.
>
> MR. BERG: Um –
>
> THE COURT: Or you don't need to tell me about it.
>
> MR. BERG: Yeah.
>
> THE COURT: That's fine.
>
> MR. BERG: I mean, it didn't change anything.
>
> THE COURT: Okay.
>
> MR. BERG: I mean, but I'm not saying that we did or didn't see one. It just didn't –
>
> THE COURT: It didn't make the story more believable.
>
> MR. BERG: Well, it just didn't change anything.
>
> THE COURT: Okay. And you were hoping it might.
>
> MR. BERG: The fact that I had suggested that didn't change –
>
> THE COURT: I know. It was a last ditch effort to see –
>
> MR. BERG: Right.
>
> THE COURT: – if you could delve another level.
>
> MR. BERG: Right.

3

(See D.E. 22, Sentencing Transcript ("S. Tr.") at 11.) While Zarate takes particular issue with the Court's comments above, it is clear that the Court was simply trying to understand what had occurred during the continuance of sentencing granted by the Court. The Court was also trying to tie into Mr. Berg's earlier comments during sentencing that he understood Zarate's story did not sound believable, but that he thought safety valve relief was still warranted, even if he had been unable to get Zarate to tell a more truthful-sounding version of events. (See S. Tr. at 5; see also S. Tr. at 21-22.)

The final comment by the Court that Zarate complains about also occurred at sentencing. Zarate's counsel suggested that she was being manipulated by the cousin who was in the car with her at the time she was stopped, and the Court asked "Does she want to testify against her cousin? This is the safety valve." (S. Tr. at 20.)

As an initial matter, the Court does not find that any of the challenged comments reflect a bias or prejudice against Zarate. Certainly, they are not comments that give rise to any question about this Court's impartiality. Cf. 28 U.S.C. § 455(a). Notably, the challenged comments were made during the course of the judicial proceedings and stemmed from the Court's observations about Zarate during the rearraignment and the Court's attempts to understand counsel's arguments during sentencing. Thus, the origin of the alleged bias was the criminal proceedings, which "rarely require[s] recusal." Andrade, 338 F.3d at 455.

Moreover, the Court has reviewed the entirety of the rearraignment and sentencing transcripts. Nothing said by the Court indicates a personal bias against Zarate. In short, there is no basis for recusal. Accordingly, Zarate's motion for recusal is DENIED.

### III.   MOTION FOR APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING

Zarate also asks for the appointment of counsel and an evidentiary hearing. As previously noted, Zarate has no pending motions before the Court and has not yet filed a motion to vacate, set, aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Accordingly, there is no need for an

evidentiary hearing or for the appointment of counsel. Her motion (D.E. 32) is therefore DENIED WITHOUT PREJUDICE.

ORDERED this 21st day of June, 2007.

_____
Janis Graham Jack
United States District Judge