IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | Cr. No. C-03-8 |
| § | | C.A. No. C-07-320 |
| MELVA ZARATE, § | | |
|     Defendant. § | | |

ORDER DENYING MOTION FOR RECUSAL
MOTION FOR EVIDENTIARY HEARING, AND
MOTION FOR APPOINTMENT OF COUNSEL
AND ORDER FOR RESPONDENT TO ANSWER

On July 23, 2007, the Clerk received from Defendant Melva Zarate ("Zarate") a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 with supporting memorandum (D.E. 35, 36), as well as a motion for recusal (D.E. 37) and a motion for appointment of counsel and for an evidentiary hearing (D.E. 38). For the reasons set forth herein, Zarate's motion for recusal is DENIED. Her motions for appointment of counsel and for an evidentiary hearing are DENIED WITHOUT PREJUDICE.

I.     MOTION FOR RECUSAL

Zarate previously filed a motion for recusal (D.E. 31), which the Court denied by Order entered June 21, 2007. (D.E. 33.) Zarate's most recent motion for recusal (D.E. 37) is identical in all respects, including its date, to Zarate's prior motion for recusal (D.E. 31). She raises nothing new, and, for the reasons set forth in the Court's prior order denying her motion for recusal (D.E. 33), Zarate's motion to recuse is DENIED.

II.     MOTION FOR APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING

Zarate also asks for the appointment of counsel and an evidentiary hearing. The Court is ordering herein that the government respond to Zarate's § 2255 motion. After receiving the response and any reply by Zarate, the Court will determine whether an evidentiary hearing is needed. It will not

be necessary for Zarate to move again for an evidentiary hearing; the Court will sua sponte order one if it is required.  See  RULES GOVERNING § 2255 PROCEEDINGS 8(a).

Similarly, although Zarate asks for the appointment of counsel to assist her in these proceedings, there is no constitutional right to counsel in § 2255 proceedings. See United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993); see also Pennsylvania v. Finley, 481 U.S. 551, 555, (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted).  There are certain situations in the course of § 2255 proceedings, however, in which the Court is statutorily required to appoint counsel. See, e.g., RULES GOVERNING § 2255 PROCEEDINGS 8(c) (requiring that counsel be appointed upon determination that an evidentiary hearing is required); id at Rule 6(a) (court must assign counsel to financially eligible defendants "[i]f necessary for effective discovery").  None of those situations have yet occurred here, however, and the Court finds that Zarate is able to adequately present her claims without assistance of counsel.  Accordingly, Zarate's motion for appointment of counsel is DENIED WITHOUT PREJUDICE.  If an evidentiary hearing is ordered,  or discovery warranting the appointment of counsel is required, the Court will *sua sponte* appoint counsel to assist Zarate.

### III.     ORDER FOR RESPONDENT TO ANSWER

It is ORDERED that the United States answer Zarate's § 2255 motion not later than sixty days after the entry of this Order.  It is further ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record.  Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2006), Zarate may file a reply not later than thirty days after service of the government's answer.

## IV. CONCLUSION

For the foregoing reasons, Zarate's motion for recusal (D.E. 37) is DENIED, and her motions for appointment of counsel and for an evidentiary hearing (D.E. 38) are DENIED WITHOUT PREJUDICE. Additionally, the government is required to respond and Zarate may file a reply, as set forth in Section III supra.

It is so ORDERED this 25th day of July, 2007.

_____
Janis Graham Jack
United States District Judge