IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-8 |
| | § | C.A. No. C-07-320 |
| MELVA ZARATE, | § | |
|    Defendant. | § | |

**ORDER DISMISSING WITHOUT PREJUDICE MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND
ORDER DIRECTING CLERK TO REINSTATE CRIMINAL JUDGMENT**

On July 23, 2007, the Clerk received from Defendant Melva Zarate ("Zarate") a motion pursuant to 28 U.S.C. § 2255 (D.E. 35),[1] which is deemed filed as of July 20, 2007.[2] The government filed a response and motion to dismiss on September 21, 2007. (D.E. 41, 42.) In its response, the government argues that Zarate's motion is barred by the applicable statute of limitations. (D.E. 41 at 4-7.) The government concedes, however, that if her motion were not time-barred, the record supports her claim that she is entitled to an out-of-time appeal because her appellate counsel was constitutionally ineffective for failing to pursue her appeal. Zarate has also filed two replies (D.E. 43, 44), both of which the Court has also considered.

For the reasons set forth here, the Court concludes that Zarate's motion is not time-barred and that she is entitled to an out-of-time direct criminal appeal.

---

[1] Docket entry references are to the criminal case, C-03-cr-8.

[2] Although the Clerk did not receive Zarate's motion until July 23, 2007, the motion was executed on July 20, 2007, and presumably delivered to prison officials on the same date. (D.E. 35 at 6.) It is thus deemed filed as of July 20, 2007. Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On January 8, 2003, Zarate was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 5.09 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1). On February 21, 2003, Zarate pleaded guilty pursuant to a written plea agreement with the government.[3] (D.E. 5, 6.)

Zarate was represented initially by retained attorney Jose Luis Ramos. After her rearraignment and before sentencing, Zarate moved to substitute retained attorney Robert A. Berg, which the Court granted. (D.E. 8, 9.) Thus, she was represented at sentencing by Berg. Ramos apparently was retained to represent Zarate on appeal, however, and filed a notice of appeal on her behalf, as discussed herein.

At the conclusion of Zarate's rearraignment, the Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR"). Sentencing occurred on May 29, 2003. (D.E. 7, 15.) The Court found at sentencing that Zarate did not qualify for safety valve relief because she had not truthfully debriefed. The Court sentenced Zarate to the statutory minimum for her offense, 120 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 fine and $100 special assessment. (D.E. 15, 16.) Judgment was entered on June 6, 2003. (D.E. 16).

Zarate filed a timely *pro se* notice of appeal on June 9, 2003. (D.E. 17.) On the same date, attorney Jose Luis Ramos filed a separate notice of appeal on her behalf, which included payment of the filing fee. (D.E. 18.) Zarate's appeal was initially dismissed by the Fifth Circuit for failure to pay

---

[3] The plea agreement did not contain a waiver of either Zarate's appellate rights or her § 2255 rights.

the docketing fee, order the transcript and make financial arrangements with the Court reporter. (D.E. 20.) The Fifth Circuit later acknowledged receipt of the transcript order form and filing fee, however, and issued a briefing order. (See generally docket sheet in United States v. Zarate, No. 03-40839 (5th Cir.)). After Zarate filed an unopposed motion to abate the appeal and to correct the record, the Fifth Circuit granted the motion to abate and remanded the case to this Court so that the record could be corrected. Prior to this Court taking any action on the matter, however, the Fifth Circuit vacated its order remanding the action and substituted a new order, in which it denied the motion to correct the record and set a new briefing schedule. (D.E. 25.)

The new briefing schedule required Zarate's brief to be filed by May 17, 2004. On that date, Zarate's appellate counsel, Ramos, verbally requested an extension of time from the Fifth Circuit Clerk. He subsequently followed up with a letter in which he explains:

> The reason for the extension being that I am a solo practitioner working on a Title 28 Section 2255 in this same case and compiling research material on this appeal. It appears that the appeal may be frivilous [sic] but that must be discussed with the appellant before the appropriate action can be taken.

(May 17, 2004 letter from Ramos, docketed as a "confirmation letter" in United States v. Zarate, No. 03-40839 (5th Cir.)). After receiving the extension, however, Ramos never filed a brief on Zarate's behalf. Accordingly, the appeal was dismissed on June 15, 2004. (D.E. 26.) Additionally, Ramos never filed anything else on Zarate's behalf with either the Fifth Circuit or this Court.

In October 2006, the Clerk received a letter motion from Zarate requesting a copy of all docket entries in the case, and a copy of the docket sheet was sent to her in response. (D.E. 27.) According to Zarate, the date she received the docket sheet was the first time that she learned that her appeal was dismissed and that no § 2255 motion was ever filed on her behalf. Shortly thereafter, on December 4, 2006, the Clerk received from Zarate a letter motion to reopen her case. (D.E. 29.) In that motion, she specifically alleged:

> Since I have never had my issues heard on Appeal and only found this out on 10-17-2006, I beg the Court to allow me to file a Motion for Delayed Appeal or an Appeal Out of Time with your District Court. Your Honor, I have never had my Appeal heard. My attorney led me to believe that he had filed my Appeal and my 2255, as he had mailed me a copy. I thought I was waiting for the time period it took the Court to decide my case.
>
> Also, I see no evidence of the 2255 ever being filed with the Court. Under this circumstance I feel that I have been deprived of the right to Appeal and Collateral Attack due to Counsel's obvious failure to pursue my request to appeal.
>
> In lieu [sic] of these circumstances, I am asking the Court to open my case and allow me to pursue a correction to my sentence either by allowing the Appeal to be heard or allowing the filing of a proper 2255.

(D.E. 29 at 1-2.)

Although the Court could have construed her motion as a § 2255 motion, the Court declined to do so at that time.[4] Instead, the Court entered an order denying her motion without prejudice, but instructing her to file a § 2255 motion and directing the Clerk to send her forms to do so. (D.E. 30.) In June 2007, Zarate filed a motion for recusal, motion for evidentiary hearing and motion to appoint counsel, which the Court denied. (D.E. 31-33.) Zarate's § 2255 motion with supporting memorandum was received by the Clerk on July 23, 2007. (D.E. 35, 36.)

### III. MOVANT'S ALLEGATIONS

In her § 2255 motion, Zarate raises the exact same issue she did in her letter received December 4, 2007. (Compare D.E. 35 with D.E. 29.) That is, she claims that she was denied effective assistance of counsel because her retained appellate counsel, Jose Luis Ramos, failed to pursue her appeal by failing to file a brief on her behalf, and then failed to pursue § 2255 relief as he had told her he would. She further claims that he mailed her a copy of a § 2255 motion and she

---

[4] As discussed infra at page 8, the Court's action in declining to construe Zarate's motion as a § 2255 cannot be used by the government as a bar to her entitlement to tolling.

4

believed it had been filed with the Court. (D.E. 36 at 3-4.)

She also notes additional failures by her counsel. These include: (1) counsel's failure to object to the amount of cocaine she was ultimately held accountable for in the PSR; (2) counsel's failure to present any arguments based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005);[5] (3) counsel's misstatements of facts at sentencing, which Zarate claims resulted in her inability to obtain safety valve relief; and (4) counsel's failure to "pursue the government to allow the 'safety valve'" for Zarate.[6] (D.E. 36 at 5, 10-11; D.E. 44 at 3-7.) Finally, she argues that her Blakely/Booker claim is cognizable on collateral review. (D.E. 36 at 5.)

In response, as previously noted, the government argues that Zarate's motion is barred by the applicable statute of limitations. (D.E. 41 at 4-7.) The government's response also includes an affidavit from Ramos. In it, Ramos admits that he asked for an extension of time to file briefs before the Fifth Circuit, but then decided that the filing of a § 2255 motion would be "a better approach." (D.E. 41, Affidavit of Jose Luis Ramos ("Ramos Aff.") at 1.) Ramos claims that he discussed this with Zarate over the phone. He further avers that:

> The 2255 was prepared and almost ready to file when I was terminated by members of her family and was further advised that a lawyer from the "Valley" would be handling the issues. The file was turned over to them at that time in its entirety and I was never asked to handle any other matters concerning Melva Zarate again. I did expect to receive a substitution of counsel motion from the "Valley" lawyer but I never did. My impression was that since the appeal did not have

---

[5] In January 2005, the Supreme Court held that the principles in Blakely applied to the federal sentencing guidelines. United States v. Booker, 543 U.S. 220 (2005). Blakely was a state criminal case, while Booker is applicable in federal criminal cases.

[6] Zarate's motion is not clear as to whether she faults only sentencing counsel's alleged failure to raise these arguments, or whether she also faults appellate counsel for failing to raise the issues on appeal. Construing her motion liberally as this Court must do, United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996), the Court will presume that Zarate intended to challenge both sentencing counsel's and appellate counsel's alleged failures. Moreover, in her reply she faults both attorneys. (See generally D.E. 44.)

5

> merit as such, the "Valley" lawyer would file the 2255 and a motion to substitute would not be necessary. I did mail a copy of what I had done to Melva Zarate and advised her that I felt that there was some chance of success and that she should file "something".

(D.E. 41, Ramos Aff. at 1-2.) Based on Ramos' admissions, the government acknowledges that, if Zarate's motion is deemed timely, she is entitled to an out-of-time appeal.

## IV. DISCUSSION

### A. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Zarate appealed, and the Fifth Circuit dismissed the appeal for failure to file a timely brief on June 15, 2004. (D.E. 26.) The period for Zarate to file a petition for writ of certiorari expired 90 days after that date. S. Ct. R. 13(1). Zarate did not file a petition for writ of certiorari. Her conviction thus became final when the 90-day time for filing the petition expired, or on September 13, 2004. See Clay, supra. Zarate's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year after that date, or on September 13, 2005. Zarate's actual § 2255 motion is deemed filed as of July 20, 2007.[7] Thus, it was filed approximately 1 year and 10 months beyond the deadline as calculated under § 2255(1), and is untimely.

The statute also provides certain alternative dates upon which the limitations period may begin. Specifically, it provides that the limitations period shall run from the latest of:

---

[7] Her motion to reopen her case and requesting an out-of-time appeal, however, was received on December 4, 2006. (D.E. 29.)

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Fifth Circuit has sometimes referred to the application of subsections other than subsection 1 above as "statutory tolling." As discussed in the next section, the Court interprets Zarate's request for tolling liberally, as a request for both statutory and equitable tolling.

**B.      Tolling of the Statute of Limitations**

Zarate claims that she is entitled to tolling of the limitations period because she did not learn that her counsel had failed to pursue her appeal or to file a § 2255 motion on her behalf until October 2006, when she requested and received a copy of the Court's docket sheet in this case. (D.E. 29; D.E. 35 at 4; D.E. 36 at 4; D.E. 43 at 1 (arguing for the application of § 2255(4).) Thus, the Court considers whether the limitations period for Zarate's motion should be calculated using § 2255(4). In order for subsection (4) to be applicable to Zarate's case, she must show that she could not have discovered counsel's failures with due diligence any earlier than one year before she filed her motion.

The Court finds that, based on the facts in this case, subsection (4) is applicable. It is apparently undisputed that Zarate did not actually learn that she had no pending appeal and no pending 2255 motion until October 2006. (See D.E. 41 at 10) (government's response acknowledging same). Although she did not file her § 2255 motion until seven months later, she filed a motion to re-open her case and allow an appeal less than six weeks after her discovery. At the time, the Court did not

7

construe her motion as a § 2255 motion, but the Court disagrees with the government's contention that Zarate sat on her rights. (See D.E. 41 at 6-7 (arguing that Zarate did not act diligently because she did not file her § 2255 motion until seven months after the Court denied her motion to reopen case). In fact, she filed her motion to reopen the case asserting her ineffective assistance claim with the Court on December 4, 2006, less than six weeks after receiving a copy of the docket sheet in her case and learning what had actually happened in her case. (See D.E. 27-29.)

In hindsight, the Court should have given Zarate the option to have that motion treated as a § 2255 motion, and to supplement the motion, pursuant to the directives of Castro v. United States, 540 U.S. 375 (2003), rather than simply declining to construe it as a § 2255 motion and sending her forms for filing a § 2255 motion. Notably, in that motion, Zarate clearly advanced the same claim she does now, i.e., that she was denied effective assistance of counsel because her counsel failed to pursue her appeal as requested by her. Thus, she actually acted quickly in asking for relief from the Court after learning of her counsel's failures.

The Court also concludes that Zarate could not have discovered her counsel's failures through due diligence any earlier than December 2005, one year before she filed her motion. Although her appeal was dismissed in June 2004, there is nothing in the record to suggest that she was ever informed of that fact. Indeed, many of Ramos' actions in this case led Zarate to believe that she had a pending appeal and a pending § 2255 motion. Notably, because Ramos never moved to withdraw, Zarate never received notice of the dismissal of her appeal. Thus, it was reasonable for her to believe, in December 2005, that her appeal remained pending.

Similarly, Ramos admits that he mailed a copy of a prepared § 2255 motion to Zarate, although he does not indicate when. This reasonably could have led Zarate to believe that the motion had been filed with the Court and remained pending.

For all of the foregoing reasons, the Court deems Zarate's motion timely filed under 28 U.S.C.

8

§ 2255(4) and thus turns to the substance of her claim.

**B.     Ineffective Assistance of Counsel on Appeal**

"[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."  Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000). Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied.  Rodriguez v. United States, 395 U.S. 327, 330, 89 S. Ct. 1715, 1717 (1969).

Applying these standards to the instant case, the Court concludes that Zarate is entitled to an out-of-time appeal.  Based on the appellate docket and Ramos' affidavit, the Court finds that Ramos filed a notice of appeal on Zarate's behalf.  Then, after requesting an extension of time to appeal, Ramos failed to timely file a brief with the Fifth Circuit.  Instead, he informed Zarate that he would be filing a § 2255 motion on her behalf, but he never did that, either.

It is clear that Zarate's appeal was dismissed because Ramos failed to file a timely brief with the Fifth Circuit.  Moreover, even if Ramos had discussed with Zarate the possibility of dismissing her appeal so that he could file a § 2255 motion, he never informed the Fifth Circuit of that fact, nor did he provide her signature on any motion for dismissal.  Moreover, he never moved to withdraw

In short, and as the government concedes, Ramos rendered ineffective assistance on appeal in this case, and deprived Zarate of her right to a direct appeal. (See D.E. 41 at 10 ("The government concedes that counsel's performance was objectively unreasonable, under the totality of the circumstances, and such performance deprived Zarate of the right to counsel and the right to appeal.").)

The proper course of action to remedy Ramos' deficiencies is to dismiss Zarate's § 2255 motion without prejudice and to reinstate the criminal judgment to trigger anew the period for Zarate

9

to file an appeal. See United States v. West, 240 F.3d 456, 459-460 (5th Cir. 2001) (holding that "when leave to file an out-of-time appeal is granted, the district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period" and clarifying that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice") (emphasis in original); see also United States v. Joubert, 273 F.3d 1099, 1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

Thus, Zarate's § 2255 motion is DISMISSED WITHOUT PREJUDICE. Additionally, the Clerk shall reinstate Zarate's criminal judgment (D.E. 16), so that she may proceed with an out-of-time appeal. ***Zarate shall file her notice of appeal not later than ten days after the re-entry of her criminal judgment.*** Rule 4(b), Fed. R. App. P.

As to the other grounds for relief raised in Zarate's motion, it is unnecessary for the Court to address them at this time. Because Zarate is being permitted to file an out-of-time direct appeal, it will be unnecessary to address her remaining claims until after the resolution of her direct appeal. Welsh v. United States, 404 F.2d 333, 333 (5th Cir. 1968), abrogated on other grounds, United States v. Ortega, 859 F.2d 327, 334 (5th Cir. 1988) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot"); see also Jones v. United States, 453 F.2d 351, 352 (5th Cir. 1972) (where direct criminal appeal is pending, defendant is not entitled to consideration on the merits of his § 2255 motion).

Finally, the Court notes that Zarate was represented throughout her criminal proceedings by retained counsel and has not shown that she is financially unable to afford counsel. If she wants appointed counsel to represent her on appeal, she should file a motion asking for new appointed

counsel to represent her on appeal.

## V.  CONCLUSION

For the above-stated reasons, Zarate's motion under 28 U.S.C. § 2255 (D.E. 35) is DISMISSED WITHOUT PREJUDICE.  Additionally, the Clerk is directed to reinstate Zarate's criminal judgment (D.E. 16), so that she may proceed with an out-of-time appeal.  ***Zarate shall file her notice of appeal not later than ten days after the reinstatement of judgment.***  If Zarate wishes to have counsel appointed to represent her, she should also file a motion for appointment of counsel on appeal.

It is so ORDERED this 6th day of November, 2007.

_____
Janis Graham Jack
United States District Judge