**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-03-8 |
| | § | C.A. No. C-09-48 |
| MELVA ZARATE, | § | |
|     Defendant. | § | |

**ORDER DISMISSING WITHOUT PREJUDICE IN PART
AND DENYING IN PART MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Melva Zarate's ("Zarate") motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (D.E. 64, 65.)[1] The government has filed a response and motion for dismissal, in which it contends that Zarate's motion is "second or successive" and should be dismissed for this reason. (D.E. 70, 71.) Alternatively, the United States contends that her claims should be denied on their merits. Zarate has filed a reply, which the Court has also considered. (D.E. 74.)

For the reasons set forth below, the Court concludes that one of Zarate's grounds for relief is properly before the Court, and that the others are barred because they constitute a second or successive § 2255 motion. As to the ground properly before the Court, moreover, Zarate is not entitled to relief. Accordingly, the Court DENIES IN PART and DISMISSES WITHOUT PREJUDICE IN PART Zarate's motion. Additionally, the Court DENIES Zarate a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Dockets entries refer to the criminal case, C-03-cr-8.

## II.  FACTS AND PROCEEDINGS

On January 8, 2003, Zarate was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 5.09 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1).  On February 21, 2003, Zarate pleaded guilty pursuant to a written plea agreement with the government.[2]  (D.E. 5, 6.)

Zarate was represented initially by retained attorney Jose Luis Ramos.  After her rearraignment and before sentencing, Zarate moved to substitute retained attorney Robert A. Berg, which the Court granted.  (D.E. 8, 9.)  Thus, she was represented at sentencing by Berg.  Ramos apparently was retained to represent Zarate on appeal, however, and filed a notice of appeal on her behalf.

At the conclusion of Zarate's rearraignment, the Court ordered the U.S. Probation Office to prepare a Presentence Investigation Report ("PSR").  Sentencing occurred on May 29, 2003. (D.E. 7, 15.)  The Court found at sentencing that Zarate did not qualify for safety valve relief because she had not truthfully debriefed.  The Court sentenced Zarate to the statutory minimum for her offense, 120 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and also imposed a $100 fine and $100 special assessment.  (D.E. 15, 16.)  Judgment was entered on June 6, 2003. (D.E. 16).

Zarate filed a timely *pro se* notice of appeal on June 9, 2003.  (D.E. 17.)  On the same date, attorney Jose Luis Ramos filed a separate notice of appeal on her behalf, which included payment of the filing fee.  (D.E. 18.)  Zarate's appeal was initially dismissed by the Fifth Circuit for failure to pay the docketing fee, order the transcript and make financial arrangements with the Court

---

[2] The plea agreement did not contain a waiver of either Zarate's appellate rights or her § 2255 rights.

reporter. (D.E. 20.) The Fifth Circuit later acknowledged receipt of the transcript order form and filing fee, however, and issued a briefing order. (See generally docket sheet in United States v. Zarate, No. 03-40839 (5th Cir.)).

Ramos sought and received an extension of time to file a brief on Zarate's behalf and indicated that Zarate might decide to dismiss the appeal and file a § 2255 motion instead. (May 17, 2004 letter from Ramos, docketed as a "confirmation letter" in United States v. Zarate, No. 03-40839 (5th Cir.)). After receiving the extension, however, Ramos never filed a brief on Zarate's behalf. Accordingly, the appeal was dismissed on June 15, 2004. (D.E. 26.) Additionally, Ramos never filed anything else on Zarate's behalf with either the Fifth Circuit or this Court.

Zarate initially filed a motion pursuant to 28 U.S.C. § 2255 in July 2007. (D.E. 35, 36.) As set forth in the Court's prior order addressing that § 2255 motion, Zarate made several claims alleging that she received ineffective assistance of counsel on appeal and that counsel misled her into believing he had filed a § 2255 motion on her behalf. (D.E. 45 at 4-5 (discussing D.E. 35 and 36).) She also set forth a number of other claims of ineffective assistance of counsel. These included:

> (1) counsel's failure to object to the amount of cocaine she was ultimately held accountable for in the PSR; (2) counsel's failure to present any arguments based on the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005); (3) counsel's misstatements of facts at sentencing, which Zarate claims resulted in her inability to obtain safety valve relief; and (4) counsel's failure to "pursue the government to allow the 'safety valve'" for Zarate. (D.E. 36 at 5, 10-11; D.E. 44 at 3-7.)

Zarate also argued that her Blakely/Booker claim was cognizable on collateral review and entitled her to relief. (D.E. 36 at 5.)

3

The Court determined that her motion was timely, and that she was entitled to an out-of-time appeal because she had received ineffective assistance of counsel on appeal. The Court expressly declined to reach her remaining grounds for relief, and dismissed her § 2255 motion in its entirety without prejudice. (D.E. 45, 46.)

Zarate filed a timely Notice of Appeal after her criminal judgment was reinstated, and this Court appointed the Federal Public Defender to represent her on appeal. In a per curiam opinion issued on August 20, 2008, the Fifth Circuit dismissed her appeal after counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). (D.E. 62.)

On March 12, 2009, Zarate filed the instant § 2255 motion. (D.E. 64, 65.)

### III.  MOVANT'S ALLEGATIONS

The pending § 2255 motion by Zarate asserts four grounds for relief. In her first ground, she alleges that counsel was constitutionally ineffective at sentencing. Her supporting arguments and facts are that:

- counsel "failed to act as an advocate on her behalf" (D.E. 64 at 5; D.E. 65 at 13);

- counsel failed to challenge the amount of drugs she was held responsible for at sentencing, despite telling her he would raise the quantity issue at sentencing and even though the amount of drugs was close to the demarcation line for a ten-year mandatory minimum and five-year mandatory minimum (D.E. 64 at 5; D.E. 65 at 14-16);

- counsel failed to launch a defense "in mitigation" in order to obtain a lower sentencing guideline and failed to "investigate, challenge and or mitigate any sentencing factors which would have impacted" Zarate's sentence (D.E. 65 at 16); and

- counsel failed to rely on the case of Blakely v. Washington and other recent case law in order to challenge the amount of drugs attributed to her at sentencing (D.E. 65 at 17-18).

In her second ground for relief, Zarate argues that her plea was involuntary and unknowing as a result of counsel's ineffectiveness. (D.E. 64 at 6; D.E. 65 at 20-21.) Her third ground for relief

4

is a claim that she was denied due process and equal protection because the Court violated Rule 32 when it sentenced her. Specifically, she claims that the Presentence Report does not reflect all of the characteristics of the offense and the offender and specifically does not state that she was merely a "mule" or a "courier." She claims she should have been given a "downward departure" from the guidelines for her role in the offense. (D.E. 64 at 8; D.E. 65 at 21-23.) Zarate's fourth and final ground for relief is that the Court failed to consider all the factors set forth in Section § 3553(a) and sentenced her on a mandatory basis, rather than an advisory basis, in violation of United States v. Booker (D.E. 64 at 9; D.E. 65 at 23-28.)

As previously noted, the United States contends that Zarate's motion is second or successive. In her reply, Zarate attempts to respond to the United States' contention, but her arguments are not on point. She essentially cites to authority in support of an argument that ineffective assistance of counsel claims are properly raised in a § 2255 proceeding, rather than on direct appeal. (D.E. 74 at 1-4. Her response also reiterates her grounds for relief. (D.E. 74 at 4-10.)

For the reasons set forth herein, the Court concludes that Zarate is not entitled to relief as to any of her claims.

### IV. DISCUSSION

**A.     Second or Successive**

The United States contends that Zarate's § 2255 motion is second or successive and that this Court does not have jurisdiction to consider it. If the claims in her motion constitute a second or successive § 2255 motion, then Zarate must first seek and obtain approval from the Fifth Circuit to file it before this Court can consider her claims. Specifically, 28 U.S.C. § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The threshold determination this Court must make, however, is to determine whether Zarate's instant motion is, in fact, "second or successive." The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

> (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or
>
> (2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted).

The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion if he failed to raise it in the first. 211 F.3d at 869. Unlike other circuits, the Fifth Circuit imposes such a bar even where the first § 2255 motion was essentially used only as a vehicle to obtain an out-of-time appeal, as was the case in Orozco-Ramirez. It explained that a prisoner is "always properly motivated to present all his collateral attacks in his initial motion, because when filing the motion he cannot know whether or not his claim seeking an out-of-time appeal will be successful." 211 F.3d at 870.

In this case, the facts underlying all of Zarate's claims occurred before she filed her initial § 2255 motion, and thus could have been raised in her first motion. Zarate's second, third, and

fourth grounds for relief in her instant motion were not asserted in her first § 2255 motion, as she candidly admits. (See D.E. 64 at 7, 8, 10 (noting that she did not raise these claims in her first post-conviction motion); compare id. with D.E. 64 at 6 (noting that she did raise issue of counsel's ineffectiveness at sentencing in her first post-conviction motion). This Court is without authority to consider those claims. Zarate's second, third and fourth grounds for relief are therefore DISMISSED WITHOUT PREJUDICE to her ability to refile them after seeking and receiving permission from the Fifth Circuit to file them.

The claims within Zarate's first ground for relief, however, which all allege ineffective assistance of counsel at sentencing, were in fact raised in Zarate's initial motion. This Court dismissed those claims without prejudice to allow her to pursue her out-of-time appeal. As discussed by this Court in its order disposing of that motion, it could not address those claims while her appeal was pending, and the outcome of her appeal might have mooted them; thus, it never reached the merits of any of those claims. In such a case, those claims are not "second or successive." Orozco-Ramirez, 211 F.3d at 871, n. 15 (explaining that if Orozco-Ramirez had brought his claims in his earlier petition and the district court had dismissed them without prejudice, he could have "presented the previously raised, but unadjudicated claims ... to the district court for consideration on the merits" in his subsequent § 2255 motion); see also Barrientes v. Johnson, 221 F.3d 741, 751 (5th Cir. 2000) (subsequent filing not successive when prior filing raised same claims but was dismissed without prejudice); In re Gasery, 116 F.3d 1051, 1052 (5th Cir. 1997) (under AEDPA, a habeas petition refiled after a dismissal without prejudice is neither second nor successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (where first petition was dismissed as premature, subsequent petition was not second or successive under AEDPA; to "hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons

would bar the prisoner from ever obtaining federal habeas review.") Thus, those claims listed in Zarate's first ground for relief are not second or successive, are properly before the Court, and are addressed herein.

**B.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

**C.     Ineffective Assistance of Counsel At Sentencing**

    **1.     General Standards**

Zarate's ineffective assistance claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that her counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To establish prejudice as a result of alleged errors at sentencing, a § 2255 movant must show that there is a

reasonable probability that, but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires her to show a reasonable probability that she would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Zarate alleges that her counsel was constitutionally ineffective at sentencing due to a number of different alleged failures. Each is addressed in turn below.

### 2. Counsel's Failure to Object to the Drug Amounts Used At Sentencing

Zarate's first alleged error by counsel was that he did not object to drug amounts used by the Court at sentencing. According to the Presentence Investigation Report, Zarate was sentenced based on 5.09 kilograms of cocaine. (PSR at ¶ 9.) During her rearraignment, the prosecutor described the facts of the offense and specifically stated that the laboratory analysis of the cocaine indicated that the net weight was 5.09 kilograms. After that recitation of facts, Zarate told the Court that it was correct and that she did not disagree with any part of the statement, nor did she want to add to any part of the statement. (D.E. 21, Rearraignment Transcript ("R. Tr.") at 24-25; see also id. at 11 (the Court informing Zarate that the government would have to prove that the weight of the cocaine she possessed was in excess of 5 kilograms, and Zarate testifying that she understood).)

Because Zarate admitted the amount of drugs at her rearraignment, a challenge to the amount at sentencing would have been unsuccessful. Accordingly, counsel was not ineffective for failing

9

to challenge the drug amounts. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

### 3. Counsel's Alleged Failure to Investigate and Raise "Mitigating" Sentencing Factors or To Seek Safety Valve Relief

Zarate also claims that her counsel failed to investigate and raise "mitigating" factors at sentencing. She does not provide any information, however, as to what any further investigation by counsel would have revealed. Her claim fails on this ground alone. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Moreover, there is no presumption of prejudice based on a failure to investigate. Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990). Because Zarate has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate or raise unspecified claims at sentencing, this claim fails.

Finally, to the extent that this is can be construed a claim that counsel failed to obtain safety valve relief for Zarate (as alleged in her first § 2255 motion), there is nothing to support her claim. Counsel in fact argued for the Court to grant safety valve relief at sentencing and presented Zarate's testimony to the Court in an effort to show that she had truthfully debriefed. (D.E. 22, Sentencing Transcript ("S. Tr.") at 5-24.) The Court denied the motion for safety valve relief, finding that Zarate had not truthfully debriefed concerning all parts of the offense. (S. Tr. at 24.) Although Zarate complains that she did not receive the reduction, she points to nothing more specific that counsel could have done to obtain safety valve relief for her. She cannot show either deficiency or prejudice on this claim.

**4. Counsel's Failure to Raise a Claim Based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>United States v. Booker</u>, 543 U.S. 220 (2005)**

Zarate appears to be claiming that her counsel should have made an argument at sentencing based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). Neither <u>Blakely</u> nor <u>Booker</u>, which held that the principles set forth in <u>Blakely</u> applied to the federal sentencing guidelines, had been decided at the time of Zarate's sentencing. Counsel was not deficient for failing to anticipate these decisions. <u>See, e.g.</u>, <u>Fuller v. United States</u>, 398 F.3d 644, 650 n.4 (7th Cir. 2005) (an argument that counsel was ineffective for failing to anticipate <u>Blakely</u> and <u>Booker</u> would not be "tenable"); <u>see also</u> <u>United States v. Williams</u>, 374 F. Supp. 2d 173, 176-77 (D.D.C. 2005) (collecting authority holding failure to predict holdings of <u>Blakely</u> and <u>Booker</u> did not constitute deficient performance by counsel).

In any event, there was no <u>Booker</u> error here. The only factor that affected Zarate's sentencing guideline was the amount of drugs involved, which she admitted at rearraignment. <u>Booker</u> does not prohibit a district court from sentencing a defendant based on facts "admitted by the defendant." <u>See</u> <u>United States v. Burke</u>, 431 F.3d 883, 889 (5th Cir. 2005) (quoting <u>Booker</u>, 543 U.S. at 244.) Moreover, Zarate was sentenced to the statutory mandatory minimum. Thus, even if <u>Booker</u> had applied at the time of her sentencing and the guidelines been advisory, it would not have changed her sentence. For all of these reasons, her <u>Booker</u> and <u>Blakely</u> claims do not entitle her to relief, and her counsel was not ineffective for failing to challenge her sentence on these grounds. <u>See</u> <u>Kimler</u>, 167 F.3d at 893.

For the foregoing reasons, Zarate's § 2255 motion is denied on its merits as to her first ground for relief. As to her remaining grounds for relief, her motion is denied without prejudice to her ability to seek permission from the Fifth Circuit to file a second and successive § 2255 motion.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Zarate has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").[3]

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

---

[3] As of December 1, 2009, absent contrary Congressional action, amended Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS will become effective. This rule will require a district court to issue or deny a COA at the time the court enters a final order adverse to the movant. Although amended Rule 11(a) is not yet effective, the practice it requires is a sound one that the Court employs now. Nothing in the current version of the § 2255 rules prohibits the Court from addressing a COA prior to a notice of appeal being filed.

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Zarate's § 2255 first ground for relief on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).

Similarly, as to the dismissal without prejudice of her remaining claims on procedural grounds, it is unnecessary for the Court to address whether Zarate's petition states a valid claim of the denial of a constitutional right, because she cannot establish the second Slack criteria.  That is, the Court concludes that reasonable jurists could not debate the denial of Zarate's § 2255 motion on procedural grounds.  Under the plain record of this case, her motion is second or successive, and she has not sought authorization from the Fifth Circuit to file it. Accordingly, Zarate is not entitled to a COA as to any of her claims.

## V.  CONCLUSION

For the aforementioned reasons, Zarate's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 64) is DISMISSED WITHOUT PREJUDICE IN PART and DENIED IN PART.  Additionally, the Court DENIES Zarate a Certificate of Appealability.

It is so ORDERED this 31st day of July, 2009.

_____
Janis Graham Jack
United States District Judge